**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:12-CR-00026-TBR**

**UNITED STATES OF AMERICA,**                                                        **PLAINTIFF**

v.

**MORRIS E. HALL, JR.,**                                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Petitioner Morris E. Hall's *pro se* Motion for Relief under Federal Rule of Civil Procedure (FRCP) 60(b)(4). [DN 80]. The government responded. [DN 84]. Hall replied. [DN 87]. As such, the motion is ripe for adjudication. For the reasons stated herein, the motion is **DENIED**.

Hall filed a motion asserting that the Court's judgment against him is "null and void because 1) the court was without jurisdiction; and 2) the facts of the case did not satisfy the elements of 18 U.S.C. § 2241(c) rendering him actually innocent from a legal standpoint." [DN 80]. He brings this motion under Rule 60(b)(4) of the FRCP. *Id.* Federal Rule of Civil Procedure 60(b)(4), however, does not apply in criminal cases. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). The FRCP only apply to "civil proceedings, proceedings authorized under Rule 81, and habeas proceedings which are civil in nature." *Id.* (citing Fed. R. Civ. P. 1 and Fed R. Civ. P. 81). Federal criminal cases, such as this, are governed by the Federal Rules of Criminal Procedure. Accordingly, this motion must be denied. *See, e.g.*, *United States v. Koch*, No. 01-CR-83-JMH, 2012 WL 13173483 (E.D. Ky. Feb. 21, 2012).

Further, the Court has previously denied a virtually indistinguishable claim filed by Hall. [DN 70]. Petitioner contends that "[w]hile a similar issue was previously raised, it was misconstrued by the Court preventing Mr. Hall from having an unobstructed opportunity to raise

the claim and have it decided on its [sic] merits." [DN 80 at 2]. He argues that the Court merely denied his previous motion based on exclusive jurisdiction, however, the Court disagrees. On August 17, 2015, Petitioner filed a Motion to Dismiss for Lack of Jurisdiction. [DN 62]. The Court denied the motion finding that Hall failed "to show that the federal government did not have jurisdiction over the land in question." [DN 70]. The Court held that the elements of § 2244(c) were met based on the United States' concurrent jurisdiction. *Id.*; *see also Kleppe v. New Mexico*, 426 U.S. 529 (1976). Hall appealed the decision, but the Sixth Circuit denied a second or successive § 2255 motion, affirming the Court's decision. [DN 72; DN 76]. The present Rule 60(b)(4) motion makes nearly identical claims as Hall's previous Motion to Dismiss for Lack of Jurisdiction. [*Compare* DN 62, *with* DN 80]. As such, the issue has already been determined by a valid and final judgment precluding the Court from relitigating the matter. *See, e.g.*, *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016). Accordingly,

**IT IS ORDERED** that Hall's motion for relief under Rule 60(b)(4) is **DENIED**. [DN 80].

cc: counsel

**Morris E. Hall, Jr.**, *pro se*
09801-033
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432